| | | |
|---|---|---|
| JAMES HOLLAND<br>4609 Ardmore Lane.<br>Virginia Beach, Virginia 23456 | * | IN THE |
| | * | CIRCUIT COURT |
| and | * | FOR |
| CHERRIE HOLLAND<br>4609 Ardmore Lane.<br>Virginia Beach, Virginia 23456 | * | BALTIMORE CITY |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| DOLGENCORP, LLC, t/a<br>DOLLAR GENERAL CORPORATION<br>100 Mission Ridge<br>Goodlettsville, Tennessee 37072 | * | Case No.: |
| | * | |
| Serve On:  CSC Lawyers Incorporating<br>           Incorporating Service Co<br>           7 St. Paul Street<br>           Suite 820<br>           Baltimore, MD 21202 | * | |
| | * | |
| Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiffs, James Holland, Individually, and James Holland and Cherrie Holland, as husband and wife, by their attorneys, Michael P. Smith and Bekman, Marder & Adkins, L.L.C., sue the Defendant, Dolgencorp, LLC, t/a Dollar General Corporation, and state as follows:

1. The Plaintiff, James Holland, is a resident of Virginia, residing in Virginia Beach, Virginia.

2. The Plaintiffs, James Holland and Cherrie Holland, at all relevant times were and still are husband and wife, presently residing together in Virginia Beach Virginia.

3. The Defendant, Dolgencorp, LLC t/a Dollar General Corporation ("Dollar General"), is a foreign corporation whose principal place of business is in Goodlettsville, Tennessee. At all relevant times, Dollar General was and is doing business in the State of Maryland, and it was and is transacting business and carrying on regular business in Baltimore City, Maryland.

3. At all relevant times, Dollar General has owned, controlled, operated and/or managed a Dollar General Distribution Center located at 3207 Philpott Road, South Boston, Virginia 24592 (the "Distribution Center").

4. The Distribution Center is one of many such centers that Dollar General owns and operates throughout the United States as part of its distribution network. Dollar General employees at the Distribution Center are responsible among other things (a) for moving incoming and outgoing merchandise throughout the Distribution Center by hand, hand truck, or forklift equipment, (b) for processing orders for merchandise from individual Dollar General stores, (c) for organizing and assembling outgoing merchandise by store, and (d) for loading outgoing merchandise onto Dollar General trailers. During the loading process, outgoing merchandise going to a Dollar General store is stacked on rolltainers (four-wheel steel cages). The rolltainers are labeled to show the receiving store and then wheeled onto a lift which rises up to the floor level of the trailer. Once at floor level, the rolltainers are moved into the trailer and parked side by side. Once the trailer is fully packed, a Dollar General employee closes and seals the trailer. Trucking

companies having transportation and delivery agreements with Dollar General send their commercially licensed trucking drivers to the Distribution Center to pick-up the merchandise on the fully loaded, closed, and sealed trailers and to deliver it to designated Dollar General stores within network of the Distribution Center.

5. At all times, Dollar General retained exclusive possession, control, and supervision of and over the loading of all trailers at the Distribution Center.

6. It was the duty of Dollar General to maintain and repair all rolltainers carrying outgoing merchandise in a reasonable and safe condition fit for unloading at delivery sites.

7. On July 31, 2018, Mr. Holland was employed by Schneider National which had a transportation and delivery agreement with Dollar General for transporting merchandise from the Distribution Center and delivering it to Dollar General stores, including stores located in Baltimore, Maryland. At no time was Mr. Holland employed by or acting as an employee of Dollar General.

8. On July 31, 2018, Mr. Holland picked up a fully loaded, closed, and sealed trailer (the "Trailer") containing outgoing merchandise for delivery to Dollar General stores located in Baltimore, Maryland.

9. At all times prior to the Trailer being sealed at the Distributions Center, the Defendant had exclusive possession, control, and supervision of the Trailers, and had exclusive possession, control, and supervision of every aspect of the loading of the Trailer.

10. One of the Dollar General stores on Mr. Holland's delivery route was the Dollar General store located at 7350 Harford Road in Baltimore City.

11. On August 1, 2018, after having made some earlier deliveries, Mr. Holland arrived at the 7350 Harford Road Dollar General store, parked his rig on Harford Road, and exited his tractor. The manager of the store who was a Dollar General employee acting in the course of his employment, unsealed the Trailer to provide Mr. Holland with access to the Trailer. Mr. Holland moved inside and began pulling out the rolltainers marked for delivery to this Dollar General store. Unbeknownst to Mr. Holland, one of the rolltainers that was sandwiched between the driver's side wall of the Trailer and another rolltainer was missing a wheel (the "three-wheel rolltainer"). When he pulled the three-wheel rolltainer out towards the open interior section of the Trailer, it began to topple over towards him. As Mr. Holland tried to move out of the path of the falling loaded three-wheel rolltainer, his right hand became tangled in the netting that enclosed one side of the rolltainer. His right arm was violently yanked downward and away from his body, causing him to sustain serious injuries to his right upper extremity in and around his elbow.

12. Dollar General, through its agents, servants and/or employees, knew or should have known of the unsafe, hazardous, defective and dangerous condition of the loaded three-wheel rolltainer, but negligently failed to eliminate said danger or to warn the Plaintiff and others of the existence of the condition.

13. It was the duty of Dollar General to maintain all rolltainers loaded into the Trailer in a reasonable and safe condition for subsequent unloading by drivers and others.

14. The Defendant, Dollar General, by and through its agents, servants, and/or employees, contrary to and in violation of its duties aforesaid, and with full knowledge thereof, was negligent in that it:

    a.    failed to maintain the rolltainers loaded onto the Trailer free of defective and/or dangerous conditions;

    b.    failed to remove or correct the unsafe, dangerous and hazardous conditions of the loaded three-wheel rolltainer;

    c.    failed to inspect the rolltainers being loaded into the Trailer for defective and/or dangerous conditions;

    d.    failed to discover the presence of the defective or dangerous three-wheel rolltainer that was loaded onto the Trailer;

    e.    failed to load the Trailer in a reasonably safe and secure manner;

    f.    and was otherwise negligent and careless.

15.    As a direct and proximate result of the aforesaid negligence of the Defendant, the Plaintiff, James Holland, suffered serious and permanent injuries to his body, arm, elbow, and upper extremities, and emotional pain and suffering; whereby he was obliged to receive medical treatment, for which expenses were and will continue to be incurred in the future; was and will be in the future prevented from engaging in his usual employment, activities and pursuits; and was otherwise injured and damaged.

16.    The Plaintiff states that all of the injuries and damages he sustained were caused solely by the negligence of the Defendant without any negligence on the part of the Plaintiff thereunto contributing.

WHEREFORE, the Plaintiff, James Holland, demands judgment against the Defendant, Dolgencorp, LLC, t/a Dollar General Corporation, for a sum in excess of $75,000.00 in compensatory damages, with all costs to be paid by the Defendant.

## COUNT II

17. Plaintiffs, James Holland and Cherrie Holland, incorporate paragraphs 1 through 16 of the Complaint, as if they were set forth at length herein.

18. At all relevant times the Plaintiffs, James Holland and Cherrie Holland, were and still are husband and wife.

19. As a result of the negligence described above, the Plaintiffs suffered a loss of services and consortium and interference and energy to their marital relationship.

20. The Plaintiffs say that all the damages, losses and injuries resulted directly from the negligence described above, without any negligence on part of the Plaintiffs thereunto contributing.

WHEREFORE, the Plaintiffs, James Holland and Cherrie Holland, as husband and wife, claim damages against the Dolgencorp, LLC, t/a Dollar General Corporation, for a sum in excess of $75,000.00 in compensatory damages, with all costs to be paid by the Defendant.

MICHAEL P. SMITH
(CPF no.: 8212010451)
smith@bmalawfirm.com
Bekman, Marder, & Adkins, L.L.C.
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633

Attorneys for Plaintiffs

| | | |
|---|---|---|
| JAMES HOLLAND<br>4609 Ardmore Lane.<br>Virginia Beach, Virginia 23456 | * | IN THE |
| | * | CIRCUIT COURT |
| and | * | FOR |
| CHERRIE HOLLAND<br>4609 Ardmore Lane.<br>Virginia Beach, Virginia 23456 | * | BALTIMORE CITY |
| | * | |
| Plaintiffs | * | |
| v. | * | |
| DOLGENCORP, LLC, t/a<br>DOLLAR GENERAL CORPORATION<br>100 Mission Ridge<br>Goodlettsville, Tennessee 37072 | * | |
| | * | Case No.: |
| | * | |
| Serve On: CSC Lawyers Incorporating<br>Incorporating Service Co<br>7 St. Paul Street<br>Suite 820<br>Baltimore, MD 21202 | * | |
| | * | |
| Defendant | * | |

**************

## ELECTION FOR JURY TRIAL

Plaintiffs, James Holland, Individually, and James Holland and Cherrie Holland, as husband and wife, by their attorneys, Michael P. Smith, and Bekman, Marder & Adkins, L.L.C., hereby requests that her case be heard before a jury.

MICHAEL P. SMITH (CPF no.: 8212010451)
smith@bmalawfirm.com
BEKMAN, MARDER AND ADKINS, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
410-539-6633
smith@bmalawfirm.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF NO RESTRICTED INFORMATION

Pursuant to Rule 20-201(f)(1)(B), I certify that this submission does not contain any restricted information.

Michael P. Smith