IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HOLLAND et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-20-3207 |
| | * | |
| DOLGENCORP, LLC | * | |
| d/b/a Dollar General Corporation | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Dolgencorp, LLC ("Defendant"), moves this Court for summary judgment (the "Motion") (ECF No. 29) on the Complaint (ECF No. 3) filed by Plaintiff James Holland, Individually, and Plaintiffs James and Cherrie Holland (collectively, "Plaintiffs"), as husband and wife. Plaintiffs responded in opposition (ECF No. 32), and Defendant replied (ECF No. 33). After considering the Motion and responses thereto, the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2021). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds that there are genuine issues of material fact as to the claims asserted. Accordingly, the Court will DENY Defendant's Motion.[2]

### FACTUAL AND PROCEDURAL BACKGROUND

Mr. Holland was employed by Schneider National to provide transportation and delivery of merchandise from Defendant's Distribution Center to its stores. ECF No. 3 ¶ 7. On July 31,

---

[1] This case was referred to United States Magistrate Judge A. David Copperthite for all proceedings on December 7, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 (D.Md. 2021). ECF No. 11.

[2] While Plaintiffs and Defendant both contend that Defendant's Motion seeks total summary judgment, *see* ECF No. 33 at 1 n.1, the Court finds no reference to Plaintiffs' Count II in any brief. With no briefing on the issue, the Court will not consider Plaintiffs' loss of consortium claim.

2018, Mr. Holland arrived at Defendant's Distribution Center to pick up a trailer for transportation to, *inter alia*, stores in Baltimore, Maryland. *Id.* ¶ 8. The trailer was fully loaded with rolltainers holding merchandise and was sealed by Defendant's employees. *Id.*; ECF No. 32 at 5–6. "'Rolltainers are wheeled portable containers manufactured of aluminum' whose intended use is 'to transport goods across Distribution Centers and Stores.'" ECF No. 32 at 1 n.1 (citing ECF No. 32-2). Defendant's policies instruct its employees to inspect the rolltainers for damage prior to preparing and loading them into the trailer. *Id.* at 3. Rolltainers are placed in the trailer in rows from the driver side panel to the passenger side panel. *Id.* at 3–4. Four rolltainers fit in a row. *Id.* at 3. Before leaving the Distribution Center, Defendant's employee breaks the seal on the trailer door, verifies the merchandise, and closes and reseals the trailer door. *Id.* at 4. Upon reaching stores for delivery, managers of Defendant's stores unseal the trailer, and the driver unloads the rolltainers containing merchandise. *Id.* at 5. After delivery, the manager reseals the trailer and the driver proceeds to the next delivery location. *Id.* Mr. Holland stated that the above process occurred when he picked up the trailer on July 31, 2018. ECF No. 32-7 at 53:10–14.

Mr. Holland completed his first delivery from the trailer on the morning of August 1, 2018. ECF No. 32 at 6. He then went to the store located at 7350 Harford Road in Baltimore City, Maryland. *Id.* The store manager unsealed the trailer, and Mr. Holland unloaded a number of rolltainers. *Id.* Mr. Holland then began to pull the rolltainer between the driver's side wall and another rolltainer, not knowing that it was missing a wheel. ECF No. 3 ¶ 11. The rolltainer began to topple toward him, and he attempted to move out of the way but became tangled in netting on the side of the rolltainer. *Id.* Mr. Holland's arm was yanked downward, and he sustained serious injuries to his right arm and around his elbow, requiring medical treatment. *Id.* ¶¶ 11, 15.

2

Plaintiffs then brought this action for negligence and loss of consortium against Defendant in the Circuit Court for Baltimore City on September 29, 2020. ECF No. 1-1. Defendant removed the action to federal court on November 4, 2020 pursuant to 28 U.S.C. § 1441(a). ECF No. 1. On November 4, 2021, Defendant moved for summary judgment on Plaintiffs' claims. ECF No. 29.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id. See Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party, and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the

3

non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

### B. Defendant's Motion for Summary Judgment

Defendant argues that Plaintiffs have failed to establish a *prima facie* case of negligence because they presented no affirmative evidence that Defendant either created or was on notice of a dangerous condition, thus relying on nothing more than "pure speculation and conjecture" to support their claims. ECF No. 29-1 at 5, 8, 10. In response, Plaintiffs contend that they may rely on the doctrine of *res ipsa loquitur*, such that the case warrants an inference of negligence and summary judgment is not appropriate. ECF No. 32 at 8, 11.

A claim for negligence requires Plaintiffs prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[3] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020). "[I]t is not enough" for Plaintiffs to show Defendant was negligent; the negligence must be "the direct and proximate cause of the injury." *Jones v. Baltimore Transit Co.*, 211 Md. 423, 426 (1956). Plaintiffs "bear[] the burden of showing that it was the negligence of [Defendant]," and not "the intervention of any independent factor[,] that caused the harm." *Id.*

---

[3] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court is located. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the Court will apply Maryland law to analyze this Motion with respect to Plaintiffs' negligence claim.

The doctrine of *res ipsa loquitur* allows Plaintiffs to establish a *prima facie* case of negligence where they "could not otherwise satisfy the traditional requirements for proof of negligence." *Dover Elevator Co. v. Swann*, 334 Md. 231, 236 (1994) (quoting *Pahanish v. Western Trails, Inc.*, 69 Md.App. 342, 359 (1986)). "*Res ipsa loquitur* is 'merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify'" an inference of negligence. *Id.* (alteration in original) (quoting *Benedick v. Potts*, 88 Md. 52, 55 (1898)). It then allows the jury to infer Defendant's negligence without direct evidence. *Id.* at 237 ("A plaintiff's reliance on *res ipsa loquitur* is generally necessitated, therefore, by the fact that direct evidence of negligence is either lacking or solely in the hands of the defendant."). To succeed in invoking the doctrine, Plaintiffs "must establish that the accident was (1) of a kind that does not ordinarily occur absent negligence, (2) that was caused by an instrumentality exclusively in [Defendant's] control, and (3) that was not caused by an act or omission of [Plaintiff]." *District of Columbia v. Singleton*, 425 Md. 398, 408 (2012) (citations omitted). *See Norris v. Ross Stores, Inc.*, 159 Md.App. 323, 330 (2004) (explaining the same).

Defendant's argument specifically focuses on the requirement of exclusive control. *See* ECF No. 33 at 3. Exclusive control requires that "the evidence adduced must demonstrate that no . . . other intervening force contributed more probably than not to the accident." *Singleton*, 425 Md. at 408 (citing *Holzhauer v. Saks & Co.*, 346 Md. 328, 337 (1997)). *See Byrd v. Wal-Mart Stores, Inc.*, 203 F.3d 819 (4th Cir. 2000) (explaining the same). The element of exclusive control is important for both "negativing the hypothesis of an intervening cause beyond" Defendant's control and "tending to show affirmatively that the cause was" within Defendant's power to prevent through the exercise of ordinary care. *Holzhauer*, 346 Md. at 337. Plaintiffs need not exclude every other possible cause of the injuries, but must show that there is a "greater likelihood"

that the injury "was caused by [Defendant's] negligence than by some other cause." *Singleton*, 425 Md. at 408–09 (citations omitted).

In assessing exclusive control, "[p]assage of time between the act of negligence and the subsequent injury is a factor to be considered, for it increases the possibility that there was an intervening independent act of a third party which would make the doctrine inapplicable." *Leidenfrost v. Atl. Masonry, Inc.*, 235 Md. 244, 250 (1964) (concerning approximately two hours between the stacking of blocks and the injury). *See Munzert v. Am. Stores Co.*, 232 Md. 97, 101 (1963) (describing five minutes between when the clerk left the stacked cases and the injury occurred). As such, Plaintiffs "must show the condition of the instrumentality has not changed or been altered in the interim." *Leidenfrost*, 235 Md. at 250. An unreported Maryland Court of Special Appeals decision providers further guidance. In *Pinnacle Hotel Mgmt. Co., LLC v. Goetz*, the plaintiffs were injured by a cabinet during their stay at an extended stay hotel. No. 0191, Sept. Term, 2019, 2020 WL 1818578, at *9 (Md.Ct.Spec.App. Apr. 8, 2020). The court explained that "exclusive control . . . ought not be confused with mere usage." *Id.* at *10. Exclusive control was not lost solely because the plaintiffs had access to the instrument that caused the injury. *See id.* Ultimately, the court concluded that the plaintiffs' frequent use of the object that fell did not then mean "that they somehow interfered" with the instrumentalities (the screws) that failed and caused the injury. *Id.* at *9. Accordingly, there were adequate facts to substantiate the three requirements of *res ipsa loquitur. Id.* at *11.

Here, upon viewing the facts in a light most favorable to Plaintiffs, I find that a jury could determine that all three elements of the *res ipsa loquitur* doctrine exist. Generally, Defendant's trailer is loaded by Defendant's employees. ECF No. 32 at 3. On July 31, 2018, Mr. Holland arrived at the Distribution Center to pick up the trailer, and the trailer was sealed when he picked

it up and from the time he left the Distribution Center until he reached his first delivery destination at one of Defendant's stores. *Id.* at 5–6. Mr. Holland than unloaded the rolltainers carrying merchandise for delivery to that store, and the store manager resealed the trailer. *Id.* Defendant contends that the *res ipsa loquitur* doctrine does not apply because it is permissible to infer that the damage to the rolltainer was caused by the transport or Mr. Holland's managing of the rolltainers. ECF No. 33 at 5–6. The Court disagrees.

Mr. Holland's transport of the rolltainers does not prohibit the *res ipsa loquitur* inference, especially because Defendant asserts no facts to support that Mr. Holland had access to the instrumentality that failed (the wheel on the rolltainer) or that he took actions that affected the specific rolltainer. *See* 2020 WL 1818578, at *9. The traveled distance and amount of time for delivery do not, on their own, show that Defendant no longer had exclusive control of the rolltainers, especially given that the trailer containing the rolltainers was sealed to Mr. Holland and only accessible to Defendant's employees. Here, like in *Pinnacle*, Defendant asks the Court to assume that access to the instrumentalities causing injury equates to control of the instrumentality. While Mr. Holland had access to the trailer holding the rolltainers, there are no facts to support that he had control of the specific rolltainer at issue or the missing wheel. And, in fact, Plaintiffs assert facts to support that the condition of the rolltainer "ha[d] not changed or been altered in the interim," given the detailed sealing process. *See Leidenfrost*, 235 Md. at 250.

Moreover, the mere *possibility* that the rolltainer could have been damaged in transit is not enough to bar the *res ipsa loquitur* doctrine. *Norris*, 159 Md.App. at 332–33 (explaining that the possibility of other causes need not be eliminated "but only that their likelihood must be so reduced that the greater possibility lies at the defendant's door"). Defendant argues that it is "permissible to infer" that damage occurred in transit, but a possibility of an inference is not sufficient to bar

7

*res ipsa loquitur* as a matter of law. ECF No. 33 at 5. Instead, Plaintiffs must show only that there is no intervening factor that created a "greater likelihood" of causing the incident than Defendant's actions. *See Singleton*, 425 Md. at 409. Defendant has made no such argument. The trailer was packed by Defendant's employees, the rolltainers and trailer were inspected by Defendant's employees, and the trailer was sealed and unsealed only by Defendant's employees. ECF No. 32 at 3–5. The facts do not support that there is a "greater likelihood" that Mr. Holland, in traveling from Virginia to Maryland, drove in a manner so as to make a properly-attached wheel fall off an inspected cart than that Defendant failed to exercise proper care with respect to the rolltainers. *See Singleton*, 425 Md. at 409.

Defendant's argument that Plaintiffs did not establish a *prima facie* case of negligence is thus without merit because a jury could conclude that the three elements of *res ipsa loquitur* are met. Accordingly, a genuine dispute of material fact exists, and Defendant is not entitled to judgment as a matter of law.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are genuine issues of material fact as to whether Defendant breached its duty of care to Plaintiffs. Therefore, Defendant's Motion (ECF No. 29) is DENIED. A separate Order will follow.

Date: 16 December 2021

A. David Copperthite
United States Magistrate Judge

8