# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

March 28, 2022

TO COUNSEL OF RECORD

Re: *Holland et al. v. Dolgencorp, LLC*, Civil No. ADC-20-3207

Dear Counsel:

The matter before this Court is Defendant Dolgencorp, LLC's ("Defendant") Motion for Leave of Court to Amend Answer (ECF No. 39). Plaintiffs James Holland and Cheri Holland ("Plaintiffs") responded in opposition (ECF No. 40), and Defendant replied (ECF No. 41). The matter is now fully briefed, and no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons set forth below, ECF No. 39 is DENIED.

A motion to amend is brought pursuant to Federal Rule of Civil Procedure 15(a). Rule 15(a)(2) states that where a party may not amend as a matter of course, it may amend "only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The United States Court of Appeals for the Fourth Circuit has explained: "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 447 (4th Cir. 2004).

However, case law from this Circuit has identified the tension between Rule 15(a) and Rule 16(b). Rule 16(b)(4) prohibits a scheduling order from being modified except where there is "good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). On this tension, the Fourth Circuit explained:

> The Fourth Circuit has never directly spoken to the conflict between these two provisions in a published opinion . . . Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings. This result is consistent with rulings of other circuits.

*Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) (citing cases). Therefore, "[a]lthough leave to amend a complaint should be 'freely give[n] . . . when justice so requires,' after the deadlines provided by a scheduling order have passed, the good cause standard [of Rule 16] must be satisfied to justify leave to amend the pleadings." *RFT Mgmt. Co., LLC v. Powell*, 607 F.App'x 238, 242 (4th Cir. 2015) (citations omitted). *See Cap. Funding, LLC v. Lipschutz*, No. CV CCB-18-0215, 2019 WL 6037068, at *3 (D.Md. Nov. 14, 2019) (explaining that a party that sought leave to amend his answer after the deadline for amendment must show good cause). "Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment." *RFT Mgmt. Co.,*

Holland et al. v. Dolgencorp, LLC, Civil No. ADC-20-3207
March 28, 2022
Page 2

LLC, 607 F.App'x at 242 (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)).

Here, Defendant has offered no argument that good cause existed for its lack of diligence in filing an amended answer. *See id.* Defendant brings the present Motion over a year after the original deadline to amend the pleadings and four months after the dispositive pretrial motions deadline on which day Defendant filed a motion for summary judgment. ECF Nos. 10, 25, 29. Plaintiffs correctly note that Defendant did not provide this Court with "any reason why [it] did not raise this defense on November 4, 2020, or at any other time prior to completion of discovery." ECF No. 40 ¶ 11. In fact, the only explanation Defendant offers is in its reply and it states that the issue of a statutory employer under Virginia law and the Virginia Workers' Compensation Act "was a distinction not fully appreciated at the time Defendant responded to Plaintiffs' Complaint." ECF No. 41 ¶ 1. This statement offers no explanation as to why good cause existed for Defendant's failure to raise this argument before the deadline to move for the amendment of pleadings, before the pretrial dispositive motions deadline, and before it moved for summary judgment on Plaintiffs' full Complaint. *See* ECF No. 33 at 1 n.1. Defendant has thus not satisfied its burden under Rule 16(b) to show good cause.

Accordingly, Defendant's Motion for Leave of Court to Amend Answer (ECF No. 39) is DENIED. Despite its informal nature, this is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge