IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES HOLLAND et al. | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil Action No. ADC-20-3207 |
| | * | |
| DOLGENCORP, LLC | * | |
| d/b/a Dollar General Corporation | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Dolgencorp, LLC ("Defendant"), brings this Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Judgement on the Pleadings, or, in the Alternative, for Summary Judgment (ECF No. 43). Defendant contends that all claims in Plaintiffs James and Cherrie Holland's (collectively, "Plaintiffs") Complaint (ECF No. 3) should be dismissed. Plaintiffs responded in opposition (ECF No. 45), and Defendant replied (ECF No. 46). After considering the Motion and responses thereto, the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendant's Motion is DENIED.

### BACKGROUND

Plaintiffs bring the present action based on allegations that Mr. Holland, an employee of Schneider National ("Schneider"), was injured while transporting and delivering merchandise from Defendant's Distribution Center to its stores. ECF No. 3 ¶ 7. The Transportation and Delivery Agreement between Schneider and DG Logistics, LLC contains the agreement to provide these

---

[1] On December 7, 2020, this case was referred to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 (D.Md. 2021). ECF No. 11.

services. ECF No. 43-4. DG Logistics, LLC is a Tennessee limited liability company that is owned by DG Transportation, Inc., a Tennessee corporation. ECF No. 43-3 ¶¶ 4–5. DG Transportation, Inc. is wholly owned by Dollar General Corporation. *Id.* ¶ 6. Dollar General Corporation also owns Defendant, Dolgencorp, LLC. *Id.* ¶ 4.

On July 31, 2018, Mr. Holland arrived at Defendant's Distribution Center in South Boston, Virginia to pick up a trailer for transportation to, *inter alia*, stores in Baltimore, Maryland. ECF No. 3 ¶ 8. The next day, Mr. Holland arrived at the store located at 7350 Harford Road in Baltimore City, Maryland. *Id.* ¶ 11. While Mr. Holland unloaded a number of rolltainers[2] filled with merchandise, he began to pull a rolltainer, not knowing that it was missing a wheel. *Id.* The rolltainer began to topple toward him, and he became tangled in the netting on the side of the rolltainer. *Id.* Mr. Holland's arm was yanked downward, and he sustained serious injuries to his right arm and around his elbow, requiring medical treatment. *Id.* ¶¶ 11, 15.

Plaintiffs brought this action for negligence and loss of consortium against Defendant in the Circuit Court for Baltimore City on September 29, 2020. ECF No. 1-1. Defendant removed the action to federal court on November 4, 2020 and asserted that this Court had subject matter jurisdiction in the form of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. ECF No. 1. ¶ 7. Parties' Scheduling Order (ECF No. 10), last amended on August 26, 2021 (ECF No. 25), set the dispositive pretrial motions' deadline as November 4, 2021. ECF No. 25. On November 4, 2021, Defendant moved for summary judgment on Plaintiffs' claims. ECF No. 29. The Court denied that motion on December 16, 2021. ECF No. 35. Over two months later, Defendant filed a motion to amend its answer to include the defense now asserted. ECF No. 39. The Court denied

---

[2] Rolltainers are wheeled portable cart containers "used to load and unload merchandise from the trailer." ECF No. 43-1 at 3 n.3 (citing ECF No. 43-2 at 57–61).

that motion on March 28, 2022 because Defendant did not show good cause for its lack of diligence in failing to amend according to the Scheduling Order deadlines. ECF No. 42. Now, over a month later, Defendant brings the present Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, in the Alternative, for Judgement on the Pleadings, or, in the Alternative, for Summary Judgment. ECF No. 43. Plaintiffs responded (ECF No. 45), and Defendant replied (ECF No. 46), making this Motion ripe two months before trial.

**DISCUSSION**

### A. Standard of Review

Defendant brings the present Motion pursuant to Rules 12(b)(1), 12(b)(6), 12(c), 12(h), and 56. ECF No. 43. The deadline for parties to file dispositive pretrial motions was November 4, 2021. ECF No. 25. However, "[u]nlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation.'" *Fort Bend County, Texas v. Davis*, 587 U.S. ___, 139 S.Ct. 1843, 1849 (2019). The Court therefore may consider Defendant's Motion to the extent that it challenges this Court's subject matter jurisdiction.[3] However, all remaining grounds upon which Defendant attempts to bring its Motion are not timely. Defendant brings the present Motion past the deadlines set in the Scheduling Order and after it already filed its previous motion for summary judgment, yet it still has not shown good cause for its delay. *See* Fed.R.Civ.P. 16(b)(4) (explaining that a Scheduling Order "may be modified only for good cause and with the

---

[3] Defendant's actions raise questions about its challenge to subject matter jurisdiction. As the party that removed this action in this Court, Defendant bore the burden of establishing its subject matter jurisdiction. *See Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018). While "removal cannot forever bar [a defendant] from raising a subject matter jurisdiction defense," *Banks v. Virginia Elec. & Power Co.*, 205 F.3d 1332, 2000 WL 191851, at *2 (4th Cir. Feb. 17, 2000), Defendant passed every deadline and waited until three months before trial to raise this defense. The Court will not deny the Motion on this basis, but does note that Defendant's lack of diligence presents a questionable basis to challenge this Court's subject matter jurisdiction.

judge's consent"); *RFT Mgmt. Co., LLC v. Powell*, 607 F.App'x 238, 242 (4th Cir. 2015) ("Rule 16(b)'s good cause standard emphasizes the diligence of the party seeking amendment." (citation omitted)). Accordingly, the Court will only consider the Motion to the extent that it challenges the Court's subject matter jurisdiction pursuant to Rule 12(b)(1).

       1. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"A motion to dismiss based on lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of whether the court has the competence or authority to hear the case." *Davis v. Thompson*, 367 F.Supp.2d 792, 799 (D.Md. 2005). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed.R.Civ.P. 12(h)(3). Plaintiffs bear the burden of establishing the Court's subject matter jurisdiction. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). Defendant may pose a facial challenge to subject matter jurisdiction, asserting that the Complaint "fails to allege facts upon which subject matter jurisdiction can be based." *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). When reviewing a facial challenge to jurisdiction, the Court accepts the Complaint's allegations as true and denies the motion "if the [C]omplaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.*

**B. Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction**

Defendant argues Plaintiffs' claims are governed by Virginia law, and under Virginia law, Defendant is a statutory employer and immune from suit under the Virginia Workers' Compensation Act. ECF No. 43-1 at 8–15. As such, this Court lacks subject matter jurisdiction because the exclusive remedy for Plaintiffs' injuries is the Virginia Workers' Compensation Act.[4]

---

[4] Because the Court concludes that Maryland law applies to the present action, it need not consider Defendant's argument that loss of consortium (Plaintiffs' Count II) is not a viable cause of action under Virginia law. *See* ECF No. 43-1 at 15.

*Id.* at 5. Plaintiffs argue in opposition that Maryland law applies, and this Court has subject matter jurisdiction. ECF No. 45 at 6. They assert that even if Defendant might escape liability through an affirmative defense, it does not classify as jurisdictional, citing to *Fort Bend County, Texas v. Davis. Id.* Moreover, they contend that Defendant itself admitted to subject matter jurisdiction when it removed the action to this Court and failed to raise any challenge in filing its answer and motion for summary judgment. *Id.* at 7.

"A federal court exercising diversity jurisdiction is obliged to apply the substantive law of the state in which it sits, including the state's choice-of-law rules." *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 599–600 (4th Cir. 2004). *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This Court therefore applies Maryland choice of law principles. "Maryland adheres to the *lex loci delicti* rule in analyzing choice of law problems with respect to causes of action sounding in torts," meaning the Court applies "the law of the 'place of the alleged harm.'" *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000) (citations omitted); *State Auto. Mut. Ins. Co. v. Lennox*, 422 F.Supp.3d 948, 961 (D.Md. 2019) (quoting *Proctor v. Wash. Metro. Area Transit Auth.*, 412 Md. 691, 726 (2010)). However, "Maryland's Court of Appeals has recognized a limited exception to the rule of *lex loci delicti* in respect to personal injury claims which implicate workers' compensation statutes."[5] *Havard v. Perdue Farms, Inc.*, 403 F.Supp.2d 462, 466 (D.Md. 2005). The Court applies a "greater interest" test to determine if "application of another state's workers' compensation statute would frustrate an important public policy of Maryland." *Id. See Rivera v. Altec, Inc.*, No. CV ELH-21-0681, 2021 WL 5416544, at *4 (D.Md. Nov. 19, 2021) (explaining the same).

---

[5] Workers' compensation statutes are implicated where an employee alleges injury "arising out of or in the course of employment." *Fields v. Dana Container, Inc.*, No. CV BPG-21-1341, 2022 WL 1422896, at *2 n.1 (D.Md. May 5, 2022) (citation omitted).

The limited exception provides that "the forum state will enforce a bar created by the exclusive remedy statute of any state in which the employer may be liable for workmen's compensation benefits."[6] *Hauch v. Connor*, 295 Md. 120, 127 (1983). The rationale for this exception is to ensure an employer is immune from suit where it would have been able to assert a statutory employer defense in another jurisdiction. *See id.* The United States Court of Appeals for the Fourth Circuit addressed this rationale in *Banks v. Virginia Electric & Power Company*, an unreported opinion. 205 F.3d 1332, 2000 WL 191851 (4th Cir. Feb. 17, 2000). The plaintiff (a resident of Delaware) brought an action in Maryland for damages resulting from injuries that occurred in Virginia, and the defendant argued that the action was barred because it was the plaintiff's statutory employer. *Id.* at *1. In interpreting *Hauch*, it explained: "a suit by a statutory employee against a statutory employer will be barred pursuant to another jurisdiction's workers' compensation laws if the statutory employer could also be held liable for workers' compensation benefits to the employee in the other jurisdiction." *Id.* at *4. The limited exception, thus, has been applied where a plaintiff's claim was permitted in the jurisdiction in which it was filed but would have been barred in the jurisdiction where the injury occurred. *See id.*; *Hauch*, 295 Md. at 127.

This Court's prior decision in *Havard* guides the application of the "greater interest" test. In *Havard*, the defendant asserted that it was a statutory employer under the Virginia Workers' Compensation Act and was thus barred from suit in this Court.[7] 403 F.Supp.2d at 463–64. The Court found that Maryland had no interest, "substantial or otherwise," in the matter because its

---

[6] *But see generally Havard*, 403 F.Supp.2d at 467 (explaining that the discussion of the statutory employer defense in *Hauch* is dicta).

[7] As is the case here, the defendant in *Havard* moved the Court to dismiss for lack of subject matter jurisdiction, but the Court declined to treat the matter as jurisdictional. It did not understand the "federal 'case or controversy' requirements (let alone the diversity of citizenship statute) to import [Virginia] procedural law into its jurisprudence." 403 F.Supp.2d at 465.

only connection was that the defendant was amenable to suit there. *Id.* at 467. "[W]hat is most significant is that the Maryland workers' compensation act is not implicated; nor is Maryland's general tort law involved in this case." *Id.* Therefore, the fact that the plaintiff and his general employer were citizens of Delaware and that the plaintiff had received benefits under Delaware's worker's compensation statute were not persuasive. The Court found that Delaware had "no interest in this case," and instead the law of Virginia, where the accident occurred, applied. *Id. See also Fields v. Dana Container, Inc.*, No. CV BPG-21-1341, 2022 WL 1422896, at *3 (D.Md. May 5, 2022) (applying the greater interest analysis and explaining that the location of the injury is a factor that weighs in favor of applying the law of that state). It further identified that Maryland did not have a greater interest in the action than Virginia—the state where the injury occurred—because "Maryland's workers' compensation act, like Virginia's . . . , recognizes the statutory employer defense to personal injury actions." *Havard*, 403 F.Supp.3d at 468.

This matter concerns the application of the statutory employer defense. Both Virginia and Maryland possess a statutory employer defense. The Virginia definition of a statutory employer provides:

> When any person (referred to in this section as "owner") undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (referred to in this section as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any worker employed in the work any compensation under this title which he would have been liable to pay if the worker had been immediately employed by him.

Va. Code Ann. § 65.2-302(A). The Virginia Workers' Compensation Act provides that workers compensation is an injured employee's exclusive remedy. *Demetres v. E. W. Const., Inc.*, 995 F.Supp.2d 539, 543 (E.D.Va. 2014), *aff'd*, 776 F.3d 271 (4th Cir. 2015) (citing Va. Code Ann. § 65.2-307(A)). Similarly, in Maryland, statutory employer includes:

(1) a principal contractor[;] (2) who has contracted to perform work[;] (3) which is a part of his trade, business or occupation; and (4) who has contracted with any other party as a subcontractor for the execution by or under the subcontractor of the whole or any part of such work.

*Elms v. Renewal by Andersen*, 439 Md. 381, 397 (2014) (quoting *Honaker v. W.C. & A.N. Miller Dev. Co.*, 278 Md. 453 (1976)). *See* Md. Code Ann., Lab. & Empl. § 9-508. As with Virginia, in Maryland, "an injured worker's exclusive remedy against a principal contractor is the compensation available under the Act." *Rodrigues-Novo v. Recchi Am., Inc.*, 381 Md. 49, 58 (2004).

Here, applying the greater interest test, the Court finds that the factors support that Maryland has a greater interest in addressing the present claims. "The most important factor weighing in favor of applying Maryland law is the public policy of Maryland." *Bishop v. Twiford*, 317 Md. 170, 176 (1989). Specifically what is "most significant" is whether the Maryland Worker's Compensation Act or Maryland tort law is implicated or involved. *Havard*, 403 F.Supp.2d at 467. Assuming without deciding that Defendant is Mr. Holland's statutory employer, these important factors either weigh in favor of Maryland law or are neutral as between Maryland and Virginia law. First, unlike in the case law relied upon, Maryland tort law is implicated because Plaintiffs bring the action in the state where Mr. Holland was injured. This weighs in favor of Maryland's interest in the matter. Moreover, Maryland has a statutory employer defense that similarly provides that the exclusive remedy for recovery from a statutory employer is workers' compensation. *See Rodrigues-Novo*, 381 Md. at 58. This case, unlike *Hauch*, concerns a defense recognized under the law of the forum state. Therefore, the rationale for the limited exception to Maryland *lex loci delicti* rule—to ensure an employer that would otherwise be protected by being able to assert a statutory employer defense—is not served here where the statutory employer defense exists in the jurisdiction where the injury occurred. *See Hauch*, 295 Md. at 127.

8

Finally, the fact that Plaintiffs live in Virginia and Mr. Holland received workers' compensation in Virginia does not diminish Maryland's interest in this matter. *See Havard*, 403 F.Supp.2d at 467 (explaining that where the plaintiff received workers compensation benefits in Delaware and he and his general employer were citizens of Delaware, Delaware "ha[d] no interest in this case"); *Banks*, 2000 WL 191851, at *1 (applying Virginia law where the plaintiff was a resident of Delaware and received workers' compensation benefits in Maryland). Defendant's issue is that, due to its lack of diligence, it failed to raise the defense that may have been available to it in the forum state. For the reasons explained *supra*, the Court concludes that Maryland has the greater interest in this case. Applying the *lex loci delicti* rule, Maryland law applies to the present case, and the Court therefore has subject matter jurisdiction.[8]

Defendant's additional arguments to dismiss for failure to state a claim, for judgment on the pleadings, and for summary judgment are untimely. The Court's Scheduling Order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375–76 (D.Md. 1999) (citations omitted)). Rule 16(b)(4) prohibits a Scheduling Order from being modified except where there is "good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). "Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. Carelessness is not compatible with a finding of diligence and offers no reason for a grant

---

[8] Even if the Court were to consider Defendant's alternative arguments, Defendant has likely failed to show it is Mr. Holland's statutory employer as a matter of law. As explained *supra*, the Transportation and Delivery Agreement at issue is between Schneider and DG Logistics, LLC. ECF No. 43-4. Dollar General Corporation also owns Defendant, Dolgencorp, LLC. *Id.* ¶ 4. Due to the delay, there was no discovery conducted on this asserted defense. ECF No. 45 at 2. Moreover, where the evidence is unclear or the relationship is disputed, "[o]rdinarily, the existence of the employer/employee relationship is a question reserved for the fact finder." *Great Atlantic & Pacific Tea Co. v. Imbraguglio*, 346 Md. 573, 590 (1997).

of relief." *Potomac Elec. Power Co.,* 190 F.R.D.at 375 (citations omitted). Defendant answered the Complaint, agreed to a Scheduling Order, and filed a motion for summary judgment. Defendant did not raise the statutory employer defense in its Answer nor its prior motion for summary judgment, and the issue was not known to Plaintiffs during discovery. It now asks the Court, without providing any good cause for its delay, to ignore its Scheduling Order and consider an entirely new defense months after the deadline has passed. Defendant cannot pass its lack of diligence onto this Court by presenting last-minute arguments only two months before trial. The Court made clear in its previous Order that it is past the time for amendments and pretrial dispositive motions. *See* ECF No. 42. In anticipation of further argument, the Court concludes that Defendant is barred from raising the statutory employer defense at trial. It has repeatedly failed to raise the defense according to the Scheduling Order, and to permit further inquiry into this defense would require additional discovery, postponing trial, and would further prejudice Plaintiffs.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion (ECF No. 43) is DENIED. A separate Order will follow.

Date: _16 June 22_

A. David Copperthite
United States Magistrate Judge