IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES HOLLAND, et al. | : |
| Plaintiffs, | : |
| v. | : Case No.: ADC-20-3207 |
| DOLGENCORP, LLC, d/b/a Dollar General Corporation | : |
| Defendant. | : |
| | : |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PRE-TRIAL ORDER**

This Pretrial Order is submitted this 25th day of July, 2022, pursuant to Local Rule 106, before the United States District Court for the District of Maryland, relating to the conduct of the trial of this case at which time the following agreements, stipulations and admissions were entered into between the parties:

**I.   BRIEF STATEMENT OF FACTS THAT PLAINTIFFS PROPOSE TO PROVE IN SUPPORT OF THEIR CLAIM**

**A.**

This personal injury case arises out of the events occurring on and before August 1, 2018, when the Plaintiff, James Holland, was making a delivery of merchandise to a Dollar General store at 7350 Harford Road in Baltimore, Maryland. It involves a rolltainer which is a wheeled portable container manufactured of aluminum whose intended use is to transport goods across distribution centers and stores. At the time of the delivery, the rolltainer was found to have only three wheels

1

after it had fallen and injured Mr. Holland while he was in the process of removing it from the Defendant's trailer.

**B.**

The Plaintiffs, James Holland (age 47) and Cheri Holland, are married and residents of Virginia, residing in Virginia Beach, Virginia. The Defendant, Dolgencorp, LLC ("Dolgencorp"), is a Kentucky corporation whose principal place of business is in Goodlettsville, Tennessee. It is a wholly owned subsidiary of Dollar General Corporation, a Tennessee corporation.

At the time of the events in this case, Dolgencorp had for several years owned, controlled, operated, or managed the Dollar General Distribution Center located at 3207 Philpott Road, South Boston, Virginia 24592 (the "Distribution Center"). Its employees or agents at the Distribution Center were responsible among other things for organizing and assembling outgoing merchandise by store, and for loading outgoing merchandise onto Dollar General trailers.

During the loading process, merchandise that is earmarked to go from the Distribution Center to Dollar General stores is stacked on rolltainers owned by Dolgencorp. A rolltainer is roughly four feet long, two feet wide, and five feet high. It has four casters with wheels - - two fixed and two swivel. The fixed casters are in the front and the swivel casters are in the rear. One side of the rolltainer is open to allow merchandise to be placed and stacked inside. Once a rolltainer is filled, a nylon netting is attached over the open side to contain the packed goods and to prevent them from falling off.

At the Distribution Center, Dolgencorp employees or agents exercise exclusive control over the rolltainers. Those employees and agents are instructed that when preparing to use a rolltainer, they are to inspect the rolltainer for damage, defects and missing or broken parts and

2

components. If a rolltainer needs repair because of a missing or broken component, it is supposed to be tagged with a "Damaged Rolltainer Repair Tag" and placed out of service until repaired. Moreover, prior to loading a rolltainer with merchandise onto a Dollar General trailer, the employees or agents are instructed to inspect the rolltainer for damage, defects, or missing parts, including wheels (casters) that are loose or missing. Damaged or defective rolltainers are not to be used until repaired.

Loaded rolltainers are marked and grouped by the receiving store before being taken to a designated loading area. Once there, they are pushed from the wide wheel end, the end with the swivel casters, or they are otherwise transported into the assigned Dollar General trailer and parked side by side. Because the rolltainers are two feet wide, four of them can be snugly packed in a row inside the eight-foot-wide trailer from the driver's side panel to the passenger side panel. Once a row is complete, separate boxed merchandise or "toppers" are placed on top of the loaded rolltainers in the open space between the top of the rolltainers and the ceiling of the trailer. After the first row of rolltainers is loaded and topped off, the next row is loaded and topped off in similar fashion. This process continues until the outgoing shipment is fully loaded onto the trailer. A 53-foot trailer can carry up to 54 rolltainers. Dolgencorp employees or agents close and seal the trailer after it is fully loaded, and the trailer is later moved to a pick-up area.

Trucking companies under contract send their commercially licensed trucking drivers to the Distribution Center to pick-up the merchandise on the fully loaded, closed, and sealed trailers. Those drivers then deliver the merchandise to designated Dollar General stores within network of the Distribution Center. When a driver arrives at a designated store, he or she summons the manager of the store to unseal the trailer. Once unsealed, the driver moves only those rolltainers

containing the merchandise for that store onto a lift that then lowers the rolltainers to the ground where they can then be wheeled into the store and unloaded by store employees. When a delivery is complete, the manager reseals the truck, and the driver moves on to the next Dollar General store until all deliveries are complete. A driver's contact with loaded rolltainers is limited to moving them off the truck and into a store.

In 2018, Mr. Holland was a commercial truck driver employed by Schneider National Carriers ("Schneider"), a Wisconsin corporation. Schneider had a transportation and delivery agreement (the Agreement") with DG Logistics, LLC, a Tennessee LLC which is wholly owned by DG Transportation, Inc., which in turn is a wholly owned subsidiary of Dollar General Corporation. Under the Agreement, Schneider agreed to provide equipment and personnel for transporting and delivering merchandise and store supplies from various Dollar General distributions centers in the United States to Dollar General retail stores.

When Mr. Holland was working for Schneider in 2018, he drove a Schneider tractor, and he picked up Dollar General trailers at the Distribution Center. On July 31, 2018, he picked up a fully loaded, closed, and sealed trailer (the "Trailer") containing outgoing merchandise for delivery to Dollar General stores located in Maryland. One of the stores on his delivery route was located at 7350 Harford Road in Baltimore City.

Mr. Holland arrived at the Harford Road store around 11 a.m. on August 1, 2018. Upon arrival, he parked his rig directly in front of the store on Harford Road. The manager of the store, Larry Pietrogiacomo, unsealed the Trailer to provide Mr. Holland with access to the merchandise inside. Mr. Holland moved inside and began pulling out the rolltainers marked for delivery to the Harford Road store. After he had successfully moved some of the rolltainers from the Trailer to

4

the store, he began to unload one rolltainer (the "Rolltainer") that was sandwiched between the driver's side wall and another rolltainer loaded with water bottles.

Unbeknownst to Mr. Holland, the Rolltainer was missing its entire right front wheel/caster, including the retaining nut and the mounting bolt. First, he pulled the three-wheel Rolltainer out partway along the driver's side wall, exposing both of its rear swivel wheels. Then, he stepped to the side of the Rolltainer and in front of the adjoining rolltainer loaded with numerous packs of water bottles. Facing the nylon netting side of the three-wheel Rolltainer, Mr. Holland continued to maneuver it out past the water bottled rolltainer. Once it cleared the row of parked rolltainers, the three-wheel Rolltainer began to topple over towards Mr. Holland. He tried to move out of the path of the falling, loaded three-wheel Rolltainer, but his right hand became tangled in the nylon netting. His right arm was violently yanked downward and away from his body, causing him to sustain serious injuries to his right upper extremity in and around his elbow and his shoulder.

Mr. Holland took two photos of the fallen three-wheel Rolltainer and called his safety contact at Schneider to report what had occurred. He subsequently reported what occurred to the store manager, Mr. Pietrogiacomo, who also took two photos of the fallen three-wheel Rolltainer. These four photos accurately display the rolltainers as they appeared inside the Trailer on August 1, 2018, at the time of the photographs, and they accurately display the fallen Rolltainer that is missing an entire fixed front right-side wheel/caster. Both Mr. Holland and Mr. Pietrogiacomo looked within the Trailer but neither found the missing wheel.

Mr. Holland was unable to continue with the delivery because of his injuries. Ultimately, he locked up the parked tractor and Trailer, and he took an uber to the Concentra Medical Center

in Rosedale. Another driver arrived later at the Harford Road store and completed the deliveries before returning the Trailer to the Distribution Center.

## II.  BRIEF STATEMENT OF FACTS THAT DEFENDANTS PROPOSE TO PROVE IN DEFENSE ON THE CLAIMS

Dolgencorp, LLC, is one of many wholly owned subsidiaries of Dollar General Corporation. Dollar General Corporation, the parent company, and its subsidiaries are in the business of operating retail stores. Dolgencorp, LLC, specifically, is responsible for the operation of Dollar General stores in Maryland and Virginia and owns and operates the South Boston Distribution Center located in South Boston, Virginia. Integral to Dollar General's retail business is receiving, storing, and then re-shipping products, as needed, to Dollar General stores throughout the United States for sale by way of its own private fleet as well as independent contractors.

At the time of the alleged injury, Plaintiff, James Holland, was employed by Schneider National Carriers in Virginia who had been contracted by Dollar General to transport products from its Distribution Center to various stores. On July 31, 2018, Mr. Holland drove from the Schneider facility in Virginia Beach, Virginia where he parked his tractor to Schneider's office/dispatch center located across the street from Dollar General's Distribution Center located at 3207 Philpott Road South Boston, Virginia. After receiving his dispatch, he picked up the trailer from the Distribution Center containing outgoing merchandise for delivery to Dollar General stores in Maryland. Plaintiff drove to the first scheduled Dollar General delivery stop and slept overnight in the store's parking lot. On August 1, 2018, at approximately 6:00AM, the Plaintiff proceeded to make his first delivery. Sometime before noon, Plaintiff arrived at his second delivery stop, the subject Dollar General located at 7350 Harford Road in Baltimore City. Upon arrival, the attending Dollar General manager broke the seal of the trailer and Plaintiff began to

6

unload rolltainers containing merchandise from the trailer. Plaintiff unloaded approximately six rolltainers from the truck and was about halfway through the delivery to the Harford Road store when he claims he was injured. Mr. Holland attempted to pull a rolltainer that was hung up and tangled with the one next to it and it fell onto him. Upon examination after the injury, Plaintiff claims the rolltainer was missing a wheel. He does not know why the wheel was missing or for how long.

Defendant denies Plaintiffs' allegations and demands strict proof of same. Defendant contends that it had no knowledge of and was not on notice of any defect in the rolltainer as alleged by Plaintiff. Defendant further contends that it exercised proper care and attention, that it was not in control of the subject trailer and/or rolltainer since it left the Distribution Center on July 31, 2018, and that it was not the proximate cause of Plaintiff's injuries. Defendant further contends that Plaintiff was contributorily negligent and/or assumed the risk in the manner in which he unloaded the rolltainer.

Further, Defendant disputes the nature and extent of the injuries Plaintiffs allege in this matter and the amount of any such damages alleged. Defendant adopts and incorporates its expert designation, supplements thereto, expert reports, and expert testimony. Defendant further adopts and incorporates the discovery exchanged in this case and the record as a whole as evidence of the absence of liability, causation, and damages.

Defendant acknowledges this Court's ruling dated June 16, 2022. However, to maintain a clear record for purposes of appeal, Defendant further contends this Court lacks subject matter jurisdiction as Defendant is a statutory employer and/or statutory co-employee. Alternatively, Dollar General is entitled to dismissal in its' favor because Plaintiffs' Complaint fails to state a

claim upon which relief may be granted. Additionally, Plaintiffs' claim for loss of consortium is not cognizable under applicable Virginia law.

### III.   AMENDMENTS TO PLEADINGS

Defendant acknowledges this Court's ruling dated June 16, 2022, barring Defendant from raising the statutory employer defense at trial. However, to maintain a clear record for purposes of appeal, Defendant respectfully requests an amendment to its Answer to include the defense of statutory employer.

### IV.   ANY ISSUE IN THE PLEADINGS THAT IS TO BE ABANDONED

**Plaintiff**:   None.

**Defendant**:   None

### V.   STIPULATION OF FACT AND REQUEST FOR ADMISSIONS

**Agreed-Upon Stipulations:**

A.   The parties stipulate that the medical records and bills on Plaintiff's attached Exhibit List are true and authentic copies.

**Plaintiffs' Requested Stipulations:**

B.   Plaintiffs request that the Defendant stipulate to the fairness and reasonableness of all charges relating to the medical care and treatment set out on the attached list of Medical Bills.

**Defendant does not so stipulate.**

C.   Plaintiffs request that the Defendant stipulate to liability.

**Defendant does not so stipulate.**

D.   Plaintiff requests that the Defendant stipulate to the follow facts Defendant admitted in its Amended Response to Plaintiffs' Requests for Admission and Genuineness of Documents:

1.   Defendant admits that at the time of the events described in the Complaint, it owned, controlled, operated and/or managed a Dollar General Distribution Center located at 3207 Philpott Road, South Boston, Virginia 24592 (the "Distribution Center")

2.   Defendant admits that at the time of the events described in the Complaint, its employees and agents at the Distribution Center were responsible for loading outgoing merchandise onto Dollar General trailers.

3.   Defendant admits that a rolltainer is a cart on wheels that is used to transport merchandise.

4.   Defendant admits that at the time of the events described in the Complaint, during the loading process, outgoing merchandise going to a Dollar General store was stacked on rolltainers by Defendant's employees or agents at the Distribution Center.

5.   Defendant admits that its employees and agents at the Distribution Center are instructed that when preparing to use a rolltainer, they are to inspect the rolltainer for damage, defects or missing parts.

6.   Defendant admits that its employees and agents at the Distribution Center are instructed that when inspecting a rolltainer, they are to check for missing or broken components.

7.   Defendant admits that its employees and agents at the Distribution Center are instructed that if a rolltainer is in need of repair because of a missing or broken component, it

9

should be tagged with a "Damaged Rolltainer Repair Tag" and placed out of service until repaired.

8. Defendant admits that at no time was Mr. Holland employed by or acting as an employee or agent of the Defendant.

9. Defendant admits that the VIN # of the Trailer is 1LO1A532XY1143640

10. Defendant admits that prior to Mr. Holland's pick up of the Trailer, it had been loaded by Defendant's employees or agents at the Distribution Center.

**Defendant relies on its Responses to Request for Admissions.**

E. Plaintiff requests that Defendant stipulate to the following facts to which Defendant has made admissions in its Amended Response to Plaintiffs' Requests for Admission and Genuineness of Documents, subject to listed objections, to which the Plaintiffs seek either the withdrawal of the stated objections, or a pretrial ruling on the objections by the Court:

12. Subject to its objection that this Request is vague and not properly limited in time or scope, Defendant admits that it retained exclusive possession, control, and supervision of and over the loading of all trailers at the Distribution Center.

13. Subject to its objection that this Request is vague and not properly limited in time or scope, Defendant admits that its employees or agents at the Distribution Center load Dollar General trailers with rolltainers containing outgoing merchandise.

14. Subject to its objection that this Request is vague and not properly limited in time or scope, Defendant admits that rolltainers are rolled onto trailers and typically parked side by side.

15. Subject to its objections that this Request is vague and not properly limited in time or scope and that the term "fully packed" is not defined, Defendant admits that once a trailer has been loaded, the trailer is closed and sealed.

16. Subject to its objections that this Request is vague and not properly limited in time or scope and that the term "fully packed" is not defined, Defendant admits that a driver who picks up fully loaded, closed, and sealed trailer for delivery to designated Dollar General stores does not inspect any rolltainers at the Distribution Center before or during the loading of the trailer.

17. Subject to its objections that this Request is vague and not properly limited in time or scope and that the term "fully packed" is not defined, Defendant admits that drivers who pick up fully loaded, closed, and sealed trailers for delivery do not load rolltainers onto trailers at the Distribution Center.

18. Based on information and belief, but not on personal knowledge, the Defendant admits that on July 31, 2018, James Holland ("Mr. Holland") was CDL license driver employed by Schneider National.

19. Although the Defendant objects to the term "fully loaded" as it is not defined. it admits that Mr. Holland picked up a closed and sealed trailer containing outgoing merchandise for delivery to Dollar General Stores located Maryland on or about August 1, 2018.

20. Subject to its objection that this Request is vague and not properly limited in time or scope, Defendant admits that Mr. Holland did not inspect any of the rolltainers before or during the loading of the Trailer at the Distribution Center.

21. The Defendant admits that **Plaintiffs' Exhibit 1** is a true and authentic copy of a genuine photograph that Mr. Holland testified he took on August 1, 2018, but it does not admit to the relevancy or admissibility of the document.

22. The Defendant admits that **Plaintiffs' Exhibit 2** is a true and authentic copy of a genuine photograph that Mr. Holland testified he took on August 1, 2018, but it does not admit to the relevancy or admissibility of the document.

23. The Defendant admits that **Plaintiffs' Exhibit 3** is a true and authentic copy of a genuine photograph that Larry Pietrogiacomo testified he took on August 1, 2018, but it does not admit to the relevancy or admissibility of the document.

24. The Defendant admits that **Plaintiffs' Exhibit 4** is a true and authentic copy of a genuine photograph that Larry Pietrogiacomo testified he took on August 1, 2018, but it does not admit to the relevancy or admissibility of the document.

25. The Defendant admits that **Plaintiffs' Exhibit 1** through **Plaintiffs' Exhibit 4** are true and authentic copies of photographs taken on August 1, 2018, but it does not admit to the relevancy or admissibility of the documents.

26. Subject to an objection that the Request is not properly limited in time, Defendant admits that after James Holland arrived and parked his tractor and the Trailer at the Dollar General Store at 7350 Harford Road, the store manager, Larry Pietrogiacomo, verified the paperwork and broke the trailer seal.

27. The Defendants admits that Larry Pietrogiacomo sent the **Plaintiffs' Exhibits 3 and 4** to the corporate office on an unknown date after the incident.

**Defendant relies on its Responses to Request for Admissions.**

**Defendant's Requested Stipulations:**

None. VI. **DAMAGES CLAIMED AND RELIEF SOUGHT**

**Plaintiff:**

Mr. Holland sustained injuries to his right upper extremity in and around his elbow as well as an injury to his right shoulder, and he was unable to continue with the delivery because of his injuries. As noted above, he was initially driven to the Concentra Medical Center in Rosedale where the providers noted swelling in his right elbow, tenderness over the medial epicondyle with limited range of motion and pain. They recommended he stay out of work and receive physical therapy. After being discharged, Mr. Holland returned to Virginia Beach where he went on to receive surgical and other treatment over the next two plus years for his right upper extremity injuries. Even after two surgeries by Samuel Kline, M.D., Mr. Holland continued to have difficulties, and he was never successful in getting back to work on a full-time basis. He resigned from Schneider in December of 2020, and he has yet to secure employment. In 2020, Dr. Kline attributed Mr. Holland continued right shoulder difficulties to the occurrence, and he subsequently ordered an MRI that was performed in July of 2021. It showed what the radiologist described as a superior labrum anterior and posterior tear as well as a rotator cuff injury which Dr. Kline read as demonstrating some moderate rotator cuff inflammation and glenohumeral effusion for which Mr. Holland underwent a right distal clavicle resection in September of 2021, followed by physical therapy.

As a result of these injuries, both Mr. Holland's personal and marital lives have suffered. He still experiences pain subject to flareups initiated by activities such as carrying groceries or laundry. He contends his injuries and damages are permanent.

Before the occurrence, Mr. Holland was very independent and enjoyed performing all household tasks, including yard and car maintenance and repairs. Until the Spring of 2022, he could perform these tasks, and both he and his wife, Cheri, have had to completely adjust their lives. After physical therapy in 2022, his pain has lessened, and he has been able to engage of more activities. In addition, Mr. Holland's relationship with Cheri has significantly changed since August 1, 2018. They were married on April 18, 1998. In the 20 years prior to Mr. Holland's injury, they enjoyed each other's company, socialized together, and shared many intimate moments.

Accordingly, the Plaintiffs claims the following damages:

a. <u>Past Medical and other expenses</u>: $77,977.56

b. <u>Future Medical Expenses</u>: to be updated

c. <u>Past Lost Wages</u>: $99,947.65 (Between January 14, 2018, and August 4, 2018, Mr. Holland earned $24,566.70 or $847.13 per week as a driver for Schneider. In the 124 weeks between August 5, 2018, and December 20, 2020, he was only able to work occasionally for which he was paid $5,096.47 by Schneider.)

d. <u>Physical and emotional pain and suffering</u> to be determined by the jury.

e. <u>Loss of consortium</u> to be determined by the jury.

f. Plaintiff reserves the right to update his medical expenses claim as of the date of trial.

**Defendant:**

Defendant seeks dismissal of the pending action, or in the alternative, a defense verdict, judgment entered for Defendant, reasonable costs for the defense of this matter and for any

additional relief that the Court deems just.

Defendant objects to any claims for damages not properly and timely disclosed in response to discovery requests issued in this case. Defendant objects to any bill that has not been previously provided to the defense in discovery. As to all of the bills, this Defendant will require strict proof of the reasonableness, necessity, and causal connection between the alleged negligence and the services billed. Additionally, Plaintiffs' claim for loss of consortium is not cognizable under applicable Virginia law.

### VII. DOCUMENTS, RECORDS AND EXHIBITS TO BE OFFERED INTO EVIDENCE

**Plaintiff:** The Plaintiff intends to introduce the documents on the Plaintiff's Exhibit List, attached hereto, as well as demonstrative exhibits.

**Defendant:** The Defendant intends to introduce the documents on the Defendant's Exhibit List, attached hereto, as well as demonstrative exhibits, as necessary.

Defendant objects to Plaintiffs' Exhibits 19-27, 30, as well as the introduction of deposition transcripts of in Exhibits 15 and 16.

Defendant objects to the use of any records, bills, or other exhibits not disclosed by Plaintiffs, or produced to this Defendant on or before the close of discovery.

Defendant objects to the use of any medical literature, guidelines, or other materials not disclosed by Plaintiffs or produced to this Defendant on or before the close of discovery.

Defendant expressly reserves the right to supplement or amend this list. Defendant further reserves the right to supplement or amend this list based on actions that Plaintiffs may take in the course of pretrial.

## VIII. **WITNESSES**

**Plaintiff:**

a. James Holland

b. Cheri Holland

c. Larry Pietrogiacomo

d. Samuel Kline, M.D.

e. William Groshans

f. Representative of Concentra Medical Center in Rosedale

g. Plaintiff reserves the right to call any witness designated by Defendant.

h. Plaintiff reserves the right to call any witness necessary to authenticate documents to be admitted into evidence.

i. Plaintiffs object to the calling of Vickie Dailey, Corporate Designee as a witness by the Defendant. Ms. Dailey was not identified in discovery, and she was not the corporate designee designed by the Defendant to testify at the duly notice deposition of the Defendant's Corporate Designee. William Groshans was the corporate designee designed by the Defendant to testify at deposition, and he testified as the Defendant's corporate designee at deposition on September 9, 2021.

**Defendant:**

a. James Holland

b. Cheri Holland

c. William Groshans

d. Larry Pietrogiacomo

   e. Vickie Dailey, Corporate Designee

   f. Defendant reserves the right to call any person(s) identified in discovery by any party to this litigation, including but not limited to his treating health care providers.

   g. Defendant reserves the right to all any healthcare professional that provided treatment for or was in any manner involved with the care, treatment, and services provided to Plaintiff and has any factual information related to this case.

   h. Defendant reserves the right to call as witnesses any individuals who may be necessary to authenticate or otherwise provide the foundation for admissibility of any documents or things, which are sought to be introduced into evidence by the Defendant but which are not stipulated to.

   i. Defendant reserves the right to call as witnesses any witness for impeachment or rebuttal purposes.

IX. **NAMES AND SPECIALTIES OF EXPERT WITNESSES**

**Plaintiffs' Experts:**

   a. Samuel Kline, M.D. (orthopedic surgery specializing in hand and upper extremity)

   b. Plaintiff reserves the right to call as experts, all health care providers who have treated or examined James Holland at any time, or who have read and interpreted his imaging studies.

   c. Plaintiff reserves the right to call any expert designated by Defendants.

**Defendant's Experts:**

   a. Marc B. Danziger, M.D. (orthopedic surgeon)

    b. Defendant reserves the right to call any healthcare professional that provided treatment for or was in any manner involved with the care, treatment and services provided to Plaintiff and has any factual information related to this case.

    c. Defendant reserves the right to call any expert designated by Plaintiffs.

### X.    USE OF DEPOSITIONS AT TRIAL

**Plaintiffs:** Plaintiffs may read all or portions of the deposition of William Groshans, corporate designee for Defendant. Plaintiff may also use the deposition testimony of any other witnesses that is not available for trial under the Federal Rules of Civil Procedure.

**Defendant:** Defendant reserves the right to call any person who is unavailable and/or any expert by deposition.

### XI.    OTHER PRE-TRIAL RELIEF

Plaintiff requests that the Court preclude Defendant from arguing the defenses of contributory negligence and assumption of the risk as there is no evidence supporting either of those defenses.

Plaintiff requests that the Court overrule Defendant's objections to Plaintiff's Requests for Admissions of Fact.

Plaintiffs request that the Court rule on the pending Motions *in Limine*.

_____
Michael P. Smith   USDC Bar # 03179
smith@mdtrialfirm.com
Emily Malarkey   USDC Bar # 28197
malarkey@mdtrialfirm.com
BEKMAN, MARDER, HOPPER,
MALARKEY & PERLIN, L.L.C.
1829 Reisterstown Road, Suite 200
Baltimore, Maryland 21208
410-539-6633

*Attorneys for Plaintiffs*


_____
Jennifer A. King   USDC Bar # 17248
DeCARO, DORAN, SICILIANO,
GALLAGHER & DeBLASIS, L.L.P.
17251 Melford Boulevard, Suite 200
Bowie, Maryland 20715
jking@decarodoran.com
301-352-4950

*Attorneys for Defendant*